UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND,<br><br>    Plaintiff,<br><br>v.<br><br>BROWNS EXCAVATING, INC.,<br><br>    Defendant. | No. 4:14 CV 82 PPS-PRC |

## **OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment against Defendant Browns Excavating, Inc. [DE 7.] Because Defendant has failed to respond to the Complaint, Plaintiff's Motion for Default Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff filed the complaint in this matter on December 2, 2014. [DE 1.] Service of the summons and complaint was made by certified mail on December 14, 2014. [DE 4.] Defendant failed to appear, plead, or otherwise defend the lawsuit. Accordingly, Plaintiff filed a motion for entry of default on January 6, 2015 [DE 5], which the clerk of the court entered on January 12, 2015. [DE 6.] Plaintiff's Motion for Default Judgment [DE 7] is now before the Court.

Plaintiffs are the trustees of the Indiana State Council of Roofers Health and Welfare Fund, which is a multi-employer employee benefit plan. [DE 1 ¶ 3.] Plaintiffs

assert they are fiduciaries within the meaning of ERISA as the fund is an employee benefit fund within the meaning of ERISA. [*Id.*] The complaint alleges that Browns Excavating, Inc. is a signatory to a collective bargaining agreement that requires payments to Plaintiff's fund. [*Id.* ¶ 5.] Plaintiffs allege Browns breached this agreement by failing to make the necessary payments for the period between February 2014 and September 2014. [*Id.* ¶ 13.] Plaintiffs seek an order directing Browns to pay the delinquent contributions, along with interest , attorney fees, and damages.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Hill v. Barbour*, 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992). Federal Rule of Civil Procedure 55(b)(1) dictates that the clerk shall enter a default judgment against the defendant when the defendant has been defaulted for failure to appear and is not an infant or incompetent person and when a plaintiff's claim against a defendant is for a sum that can be made certain through computation.

Under Rule 55 Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and*

*Procedure: Civil* § 2685 (3d ed. 1998); *see also Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008) (citation omitted).

In this case, there are few material issues of fact, and the grounds for default are clearly established. First, default is not simply a technicality. This case has been pending since December, and Defendant has shown no intention of responding to the Complaint. Moreover, Plaintiff seeks a relatively small amount of money, and the lawsuit implicates no issues of public importance. Thus, all of the factors weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *Whers v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). Here, this means that the Court must take as true Plaintiff's assertion that Browns Excavating is liable to the Fund for delinquent contributions.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted). Though Fed. R. Civ. P. 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*; *see also Domanus v. Lewicki*, 742 F.3d 290, 302 (7th

Cir. 2014) (holding a district court did not abuse its discretion by refusing to hold a hearing when the court possessed sufficient documentary evidence to ascertain plaintiff's damages).

When a benefit plan wins a judgment to enforce payment of delinquent contributions it is entitled to:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of the Fund's claims for delinquent contributions, Plaintiff submits the affidavit of Ellen Densborn, an employee of the Fund who is responsible for determining employee delinquencies. [DE 7-1 ¶ 6.] Densborn avers that the Fund is owed $30,687.55 in delinquent contributions. [*Id.* ¶ 8.] She also states that the Fund

4

incurred audit expenses of $2,298.02. [*Id.* ¶ 9.] Under ERISA, audit costs are part of the relief due to a prevailing plaintiff under 29 U.S.C. § 1132(a)(2)(E) as "other legal or equitable relief." *See Moriarty ex rel. Local Union No. 727 v. SVEC*, 429 F.3d 710, 721 (7th Cir. 2005). Finally, Densborn states that the Fund incurred a filing fee of $400 and attorney's fees of $918.00 in mounting this lawsuit. [*Id.*] An affidavit and accompanying documentation from Fund attorney Charles Berger reflects that his hourly rate is $170, which the Court finds reasonable. [DE 7-2.]

## CONCLUSION

The Court, being duly advised, **GRANTS** the Motion for Default Judgment [DE 7]. Defendant Browns Excavating, Inc. is **ORDERED** to pay Plaintiff $34,294.57 in delinquent contributions, audit expenses, attorney's fees, and costs. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: June 12, 2015

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
